Bigger, J.
Motions to quash the indictment have been filed by the several defendants. It is objected that the indictment is so indefinite and uncertain as that the exact nature and cause of the accusation against the defendants is not apparent and does not appear from, the indictment; and that it is so indefinite on account of the surplusage contained therein, that the defendants are not advised of the exact nature of the accusation made against them.
The indictment contains but one count. It charges that the defendants, naming them, and describing them as defendants, on or about the first day of February, 1905, and at divers other times between the said first day of February, 1905, and the first day of June, 1906, the particular date being to the grand jury unknown, did meet and come together at the said county of Franklin, in the state of Ohio, for the purpose and with the intent of inducing each and all of said defendants to engage in and take part in the conspiracy against trade hereinafter set forth; that on or about the first day of February, 1906, the particular date to the grand jury unknown, the said defendants, at the said county of Franklin, in the state of Ohio, unlawfully did combine their skill and acts for the purposes following, to-wit: to increase the price of a certain commodity, to-wit, ice, to the purchasers and to the customers in the city of Columbus, and in said Franklin County, to prevent competition in the sale of a certain commodity, to-wit, ice, among themselves and others, in the city of Columbus, and in said county of Franklin, to fix at a certain common standard figure, the price of a certain commodity, to-wit, ice, to the purchasers and customers thereof, whereby the price of said commodity, to-wit, ice, should be established in the city of Columbus and in said county of Franklin, and be controlled by said combination, and the indictment .concludes as follows:
“And so the jurors of the grand jury aforesaid, upon their oaths as aforesaid, do say that the defendants, and each of *151 them, at the county of Franklin' aforesaid, on or about the first day of February, 1906, the particular date being to the grand jury unknown as aforesaid, by so unlawfully combining their skill and acts as aforesaid, for the purposes aforesaid, did engage in and take part in a conspiracy against trade, contrary to the statute in- such cases made and provided and against the peace and dignity of the state of Ohio. ’ ’
This conclusion of the grand jury adds nothing to the statement of facts contained in the indictment, but is only the conclusion of the grand jury from the matters found' and stated by the grand jurors in the indictment, and may therefore be disregarded, upon the consideration of the question of the sufficiency of the matters1 stated in the indictment as constituting an offense under the statute.
Is this indictment so indefinite and uncertain as that it does not advise the defendants clearly of the offense charged against them, or does it contain so much surplusage as- to obscure the real charge? The charge is that these various persons, natural and artificial, on or about the first day of February, 1906, did combine their skill and acts for the specific purpose named in the indictment and which are declared by the statute to constitute a trust and to be a conspiracy against trade. Time is not of the essence of this offense, unless by virtue of Section 4427-4, which makes each day’s violation of the provisions of the statute a separate offense. It is stated in this indictment that upon a particular day, the exact date not being known to the grand- jurors, but about the first day of February, 1906, this combination was entered into. It is certainly not essential to such an indictment that the grand jurors must be able to state the exact date with certainty upon which this combination was effected. They state the exact date is to them unknown. Neither do I see how the indictment is indefinite because it is stated that the persons named did meet upon certain other dates for the purpose of inducing each and all of them to engage in the conspiracy described in the indictment. It would certainly not make an indictment for murder in the first degree indefinite or uncertain, if it were to allege that the defendant had deliberated upon the commission of the crime upon certain *152 days preceding its commission. It is sufficient to state that it was deliberated upon, and it would not have the effect to render it indefinite if it were averred that the defendant had deliberated at divers times previous to the commission of the crime.
It is objected that this indictment charges that they met for this purpose up to the first of June, 1906, or for a period of four months after it is alleged the illegal combination was formed. It is certainly manifest that persons could not meet together to induce each other to do something after they had done it. Upon trial such evidence would not be competent. But it is only surplusage and can not make the charge indefinite. It would certainly be competent, as a matter of evidence, to show that at certain times, previous to the time it is alleged they entered into this combination, that these individuals had met together for the purpose of inducing each other to enter into it. It would not be conclusive evidence - doubtless that such combination was entered into, but it would certainly be competent evidence, tending to show it, as disclosing a disposition and desire to do so, which with other evidence, might be sufficient to warrant a jury in finding that it was entered into. I am unable to see how any indefiniteness can arise by reason of this averment.
It is said it is indefinite because, while it charges that one of the purposes- of the combination was to increase the price o-f ice, it does not state how this was to be done. But it is not essential, as I view it, to the statement of an offense, that the conspiracy should have included the particular means to be used to that' end. That may have been left for future determination. But if the purpose of the combination was to do this, it is made unlawful without regard to the particular means to be employed.
The -same may be said as to the charge that one of the purposes was to prevent competition. The particular means to that end may not have been determined upon, but a combination for that purpose is made unlawful.
But it is objected that'the indictment is indefinite because it charges that the purpose was to prevent competition between themselves and others, without naming the others. Here again *153 it woiild not be essential in my judgment to tbe statement of an offense to charge the names of the other persons, for, non constat,, but that the others, who might be competitors, were unknown even to those charged with being members of the conspiracy. The term is, in my opinion, sufficiently comprehensive in itself to include all others engaged in the same business. The gist of this offense is not the particular act done under the conspiracy; but the formation of the conspiracy, and I think it is sufficiently descriptive in its puiposes to'advise the defendants of what they are to meet. The offense under the statute is the unlawful combination of skill and acts for this purpose. The particular means to be employed to accomplish the unlawful purposes may not have been agreed upon and are not in my opinion essential to the statement of an offense under the statute. The gist-of the offense is the formation of a combination for such purpose. It is the purpose which,is made unlawful and the means used to that end are immaterial, and may be one thing at one date and another at another and still bo but the carrying out of a single unlawful purpose of combination.
It is also objected that the persons named in the indictment are described as defendants. It is probably true that the term is not technically correct, but does it result in any indefiniteness? After the persons are named in the indictment, their names are followed by this statement “each and all of the defendants herein,” and they are afterwards referred to as “said defendants.” I do not see how any indefiniteness results from this. The said defendants, after they are described as each and all defendants, certainly include all that are named and so described.
It is further objected that the indictment is bad for duplicity. I think this indictment does not charge more than one offense. The offense charged here is the formation of a trust and not its continuance, and it is alleged to have been formed upon a date not known exactly to the grand jurors, but stated to have been about February 1, 1906. This offense is unlike the indictment recently held to be bad upon motiqn and demurrer, which in a second count alleged, with a continuando, the carrying out of *154 the illegal purposes by the combination. I did state it as my opinion, in deciding the motions and demurrers, that this would probably not render an indictment subject to the charge of duplicity. Whether that opinion be correct or not, I think this indictment is not open to that objection, as it does not state the carrying out of the illegal purposes of the combination between certain dates, or its continuance for any length of time, but only the single offense of the formation of an illegal combination upon a date, stated to be about the first of February. The carrying out of the purposes of such an illegal combination is made a separate offense under the statute, but this indictment does not charge that the conspiracy was carried out. It is said that there is no statement of any overt act on the part of the defendants, in the carrying out of the illegal purposes of the combination. In my judgment this statute makes it an offense to form such a combination for the purpose stated, independent of any overt acts. At common law, no overt act was essential to the offense of conspiracy.
As was said' by Lyon, Judge, in the ease of State v. Crowley, 41 Wis., 271, “the offense of conspiracy in one respect is doubtless peculiar. It may, unlike most offenses, be committed without any overt act. The criminal purpose to do an unlawful act, or to do a lawful act by criminal means mutually assented to or agreed upon by two or more persons, may by such assent and agreement, ripen into an agreement although no act be done in pursuance of it.”
By the terms of this statute the formation of a trust or conspiracy against trade is made penal, although its purposes are not carried out. This is plain from the language of the statute. A combination, whose purpose is to do the things forbidden in the future, is denounced by the statute. .It is made an offense to enter such a combination, to make or enter into, or execute or carry out any contracts, obligations or agreements of any kind or description, by which they shall combine or have combined themselves, not to sell, etc. The carrying out of the unlawful purposes stated in the statute is made a separate offense by the terms of Section 4427-4.
Prosecuting Attorney, for plaintiff.
Booth, Keating tfe Peters', for defendants.
It is objected that the capacity in which the defendants are charged with taking part, is not stated. It is true that Section 4427-4 makes it an offense to carry out the purposes of such illegal combination, whether the person so doing acts as principal, manager, director, agent, servant or employer, or in any other capacity; but I do not think this would make it necessary to state in an indictment in what capacity he acted, if he was personally charged with offending against the statute, and it should appear that he acted in either of these capacities, he would be liable to the penalties of the statute.
This provision of Section 4427-4, it is also to be observed, relates only to the carrying out of the purpose of the combination, and those defendants are not charged with carrying out its purpose.
The objections which are pointed out to this indictment do not seem to me to be valid objections and the motions are overruled.